## BALDWIN v. LEFTWICH.

1. The *lien* of an attaching creditor, on land, is superior to the title of a purchaser under a subsequent judgment with notice of the levy of the prior attachment.

Writ of Error to the Circuit Court of Sumter.

EJECMENT, to recover a lot in the town of Gainesville.

BLISS and BALDWIN, for plaintiff in error.
· R. H. SMITH, contra.

ORMOND, J.—The question presented on the record, relates to the character of the *lien* created by the levy of an attachment upon land. The facts are, that after the levy of the attachment, and before judgment obtained in the attachment suit, the same land was levied on by virtue of an execution upon a judgment, obtained subsequent to the levy of the attachment, and sold, the purchaser having notice of the levy of the attachment. He now brings ejectment, to recover the lands, and the question is, who has the superior title.

The authority principally relied on, to sustain the decision of the court, that the purchaser at the sale made after the levy of the attachment, had the superior title, is the decision of this court, in Campbell v. Spence, 4 Ala. Rep. 543. It is not contended that the decision there made, is expressly in

Baldwin v. Leftwich.

point, but that the policy of that decision can only be carried out, by holding that the actual *lien* of a judgment, when enforced, will override and extinguish, an imperfect or inchoate *lien*, though prior in point of time. The extent of that decision is, that a *bona fide* purchaser, at sheriff's sale, under a junior judgment, would hold the land against the *lien* created in favor of an elder judgment. But we cannot perceive how this rule can apply in such a case as the present. The foundation of the rule, in the case cited, is the laches of the elder judgment creditor; but no laches can be imputed in such a case as the present, as there was no authority to sell the land existing in the attachment creditor, until he had perfected his *lien*, by obtaining his judgment.

It is to be observed, that this is not a contest for the purchase money, between rival judgment creditors, but is a contest for the land itself, and if effect is not given to the prior attachment lien, it accomplishes nothing ; and a *lien* expressly created by law, would be lost, without any act done by the party in whose favor it was created, or without lying under the imputation of laches, or neglect, from which a waiver, or abandonment of the *lien* could be inferred, in favor of an innocent purchaser.

The precise point here involved, has been decided by the supreme court of Mississippi, in Redus v. Wofford, 4 S. & Marshal, 479, where it was decided, that the *lien* created by the attachment, was superior to that of a purchaser under a subsequent judgment.

But can one, who purchases with notice of the existing *lien* of the attachment, be considered a *bona fide* purchaser ? Whatever might be the decision, if this feature were not in the case, a point not necessary now to be decided, we are of the opinion, that as the purchaser under the junior judgment had notice of the prior attachment *lien*, he must be considered as having purchased in subordination to it.

Judgment reversed and cause remanded.